Sarah Beth Landau, Justice
Heather Hughes is the subject of a petition for pre-suit discovery filed by Peter Giammanco-Hughes's former boss who seeks her deposition to investigate, before filing suit, whether she is the source of rumors that he committed sexual misconduct in the workplace. See TEX. R. CIV. P. 202.1. Hughes moved to dismiss the petition under the Texas Citizens Participation Act (TCPA or the "Act"), arguing that *675 Giammanco seeks her deposition as retribution for an employment-discrimination charge she filed with the Equal Employment Opportunity Commission (EEOC) and to discourage others from speaking out against the discriminatory employment practices. See TEX. CIV. PRAC. & REM. CODE §§ 27.001 -.011. After the trial court denied her motion to dismiss, Hughes filed this interlocutory appeal. See id. § 51.014(a)(12) (authorizing appeal of interlocutory order denying TCPA motion to dismiss). In accordance with this Court's precedent holding that a Rule 202 petition is not a "legal action" subject to a TCPA motion to dismiss, we affirm. See Caress v. Fortier , 576 S.W.3d 778, 781-82 (Tex. App.-Houston [1st Dist.] 2019, no pet. h.).
Background
Giammanco is an executive and officer at U.S. Legal Support, Inc., a national litigation services and support company. Hughes worked for U.S. Legal for more than a decade, first, in sales and, later, as the HIPAA Privacy Officer, reporting directly to Giammanco. U.S. Legal terminated Hughes's employment in November 2017 when, according to Giammanco, her position was eliminated.
Giammanco alleges that, after Hughes left the company, he learned of rumors that he had acted inappropriately at work. The rumored misconduct, which Giammanco asserts did not take place, included an extra-marital affair with a co-worker and his promotion of one or more female employees in exchange for sexual favors. Giammanco claims that accusations of sexual misconduct are "highly damaging" to men in his position.
Because he believes Hughes may be a source of the rumors he claims are personally and professionally damaging, Giammanco seeks to depose Hughes under Rule of Civil Procedure 202 before deciding whether to sue her. See TEX. R. CIV. P. 202.1 ("A person may petition the court for an order authorizing the taking of a deposition ... (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit."). Giammanco says the purpose of the requested deposition is "to investigate ... and determine whether litigation should be initiated against Hughes for potential claims of defamation, tortious interference with existing contract, and tortious interference with prospective relations."
Giammanco identified three deposition topics:
(1) Any statements Hughes made about Giammanco before or after U.S. Legal terminated her employment;
(2) Any statements Hughes made, whether before or after U.S. Legal terminated her employment, about Giammanco's relationship with female employees; and
(3) Any knowledge Hughes has of statements made by current or former U.S. Legal employees about Giammanco's conduct, reputation, and relationships with female employees.
Giammanco asserts that, because these topics are limited in scope, the likely benefit of allowing him to depose Hughes outweighs the burden or expense of a deposition. See TEX. R. CIV. P. 202.4(a)(2) (requiring trial court to order properly requested pre-suit deposition if it finds that "the likely benefit of allowing" the deposition "outweighs the burdens or expense of the procedure").
Hughes filed a combination response, opposing the requested deposition and *676 moving to dismiss Giammanco's endeavor under the TCPA. See TEX. CIV. PRAC. & REM. CODE § 27.003(a) ("If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action."). Hughes ascribes the termination of her employment not to any corporate reorganization but to her decision to challenge U.S. Legal's employment practices as contrary to federal law. Hughes avers that, in "the years and months" before she lost her job, U.S. Legal discriminated against female employees on the basis of sex and then retaliated against her when she reported it to human resources personnel, eventually leading her to file a discrimination charge with the EEOC in December 2017 and an amended charge in February 2018.[1] She argues that Giammanco's Rule 202 petition is a "legal action" based on or related to her rights of free speech, to petition, and of association and that, in order to avoid dismissal, Giammanco had to (but could not) establish by clear and specific evidence that the likely benefit of the requested deposition outweighed the burden or expense.
Hughes denied that she is the source of any "false or damaging information about Giammanco" and pointed to allegations made in a 2012 lawsuit involving Giammanco as evidence that the complained-of rumors were circulating long before she left U.S. Legal.
Giammanco opposed dismissal, arguing in response that the TCPA does not apply to a Rule 202 proceeding and that, even if it does apply, he established the elements not only for a pre-suit deposition but also of his potential claims with sufficient factual detail to avoid dismissal. Giammanco supported his response with two affidavits-(1) the employee with whom he is alleged to have had an affair and (2) a former employee. The first affiant denied the affair and stated that she learned of Hughes's statements about the alleged affair from coworkers. The second affiant recalled Hughes making a statement about the alleged affair, but she opined that Hughes was not spreading a rumor because others had made the same allegations.
After an oral hearing, the trial court denied Hughes's motion to dismiss. Hughes appealed and moved for an emergency stay of the trial proceedings pending the resolution of her appeal. Because we granted a stay, the trial court has not yet ruled on Giammanco's Rule 202 petition.
Discussion
In determining whether the trial court erred by refusing to dismiss Giammanco's Rule 202 petition under the TCPA, we begin with the legal standards that guide our determination-specifically, the standard codified by the Legislature for dismissal of a "legal action" brought to chill the valid exercise of protected rights, see TEX. CIV. PRAC. & REM. CODE §§ 27.001 -.011, and the standard promulgated by the Texas Supreme Court for pre-suit discovery, see TEX. R. CIV. P. 202.
A. Principles of law and standards of review
1. Motion to dismiss a "legal action" under the TCPA
The TCPA is "sometimes referred to as an anti-SLAPP law-the acronym standing for strategic lawsuit against public participation."
*677 KBMT Operating Co. v. Toledo , 492 S.W.3d 710, 713 n.6 (Tex. 2016). Its stated purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002 ; Schimmel v. McGregor , 438 S.W.3d 847, 854 (Tex. App.-Houston [1st Dist.] 2014, pet. denied). To effectuate this purpose, the Act provides a multi-step procedure to expedite the dismissal of legal actions brought to intimidate or to silence a party's exercise of First Amendment rights. See ExxonMobil Pipeline Co. v. Coleman , 512 S.W.3d 895, 898 (Tex. 2017) ; see TEX. CIV. PRAC. & REM. CODE §§ 27.003, .005.
Under the Act's first step, a party moving to dismiss must show, by a preponderance of the evidence, that the non-movant's "legal action" is "based on, relates to, or is in response to [the movant's] exercise of the right of free speech, right to petition, or right of association," as those rights are statutorily defined. TEX. CIV. PRAC. & REM. CODE §§ 27.001(2) - (4), .003(a), .005(b); see In re Lipsky , 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding).
If the movant makes this initial showing, then the burden shifts to the non-movant under the Act's second step to establish " 'by clear and specific evidence a prima facie case for each essential element of the claim in question.' " See Lipsky , 460 S.W.3d at 587 (quoting TEX. CIV. PRAC. & REM. CODE § 27.005(c) ). "The legislature's use of 'prima facie case' in the second step of the inquiry implies a minimal factual burden: '[a] prima facie case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true.' " Schimmel , 438 S.W.3d at 855 (quoting KTRK Television, Inc. v. Robinson , 409 S.W.3d 682, 688 (Tex. App.-Houston [1st Dist.] 2013, pet. denied) ). The TCPA instructs that, in "determining whether a legal action should be dismissed ..., the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE § 27.006(a). We review de novo whether each party carried its assigned burden. Better Bus. Bureau of Metro. Hous., Inc., v. John Moore Servs., Inc. , 441 S.W.3d 345, 353 (Tex. App.-Houston [1st Dist.] 2013, pet. denied).
Our analysis of the issues presented in this appeal requires statutory construction, which is a question of law that we also consider de novo. See Molinet v. Kimbrell , 356 S.W.3d 407, 411 (Tex. 2011) ; Better Bus. Bureau of Metro. Hous. , 441 S.W.3d at 353. We must apply the statute as written. Lippincott v. Whisenhunt , 462 S.W.3d 507, 508 (Tex. 2015) (per curiam). When construing the TCPA, as with any other statute, our primary objective is to give effect to the Legislature's intent, which we seek first and foremost in the statute's text. See First Am. Title Ins. Co. v. Combs , 258 S.W.3d 627, 631-32 (Tex. 2008). The plain meaning of the text is the best expression of legislative intent, unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. Texas Lottery Comm'n v. First State Bank of DeQueen , 325 S.W.3d 628, 635 (Tex. 2010). While we consider the specific statutory language at issue, we must also look to the "statute as a whole" and "endeavor to read the statute contextually, giving effect to every word, clause, and sentence." In re Office of Att'y Gen. , 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding). The TCPA instructs that courts are to construe the Act liberally "to effectuate its purpose and intent fully."
*678 TEX. CIV. PRAC. & REM. CODE § 27.011(b) ; Schimmel , 438 S.W.3d at 854.
2. Petition for pre-suit discovery under Rule of Civil Procedure 202
Rule of Civil Procedure 202 provides a tool for preliminary investigations of "potential" or "anticipated" claims. See In re DePinho , 505 S.W.3d 621, 624 (Tex. 2016) (orig. proceeding) (per curiam); Dow Jones & Co., Inc. v. Highland Capital Mgmt., L.P. , 564 S.W.3d 852, 856 (Tex. App.-Dallas 2018, pet. filed) ("Rule 202 functions as a precursor and potential gateway to plenary merits litigation by allowing a prospective party to pursue discovery in aid of an as yet unfiled claim."); Lee v. GST Transp. Sys., LP , 334 S.W.3d 16, 19 (Tex. App.-Dallas 2008, pet. denied) (observing that Rule 202 proceeding "is not a separate, independent lawsuit" but is "in aid of and incident to an anticipated suit"). A Rule 202 petition "asserts no substantive claim or cause of action upon which relief can be granted." Combs v. Tex. Civil Rights Project , 410 S.W.3d 529, 534 (Tex. App.-Austin 2013, pet. denied). And a successful Rule 202 petitioner "simply acquires the right to obtain discovery-discovery that may or may not lead to a claim or cause of action upon which relief can be granted." Id. For this reason, "a Rule 202 petition need not plead a specific cause of action"; instead, the petitioner need only " 'state the subject matter of the anticipated action, if any, and the petitioner's interest therein.' " Int'l Assoc. of Drilling Contractors v. Orion Drilling Co., LLC , 512 S.W.3d 483, 491 (Tex. App.-Houston [1st Dist.] 2016, pet. denied) (quoting TEX. R. CIV. P. 202.2(e), and City of Hous. v. U.S. Filter Wastewater Grp., Inc. , 190 S.W.3d 242, 245 n.2 (Tex. App.-Houston [1st Dist.] 2006, no pet.) ); see In re DePinho , 505 S.W.3d at 624 (acknowledging that "Rule 202's pleading requirement is fairly liberal"); In re Emergency Consultants, Inc. , 292 S.W.3d 78, 79 (Tex. App.-Houston [14th Dist.] 2007, orig. proceeding) (per curiam) (noting that Rule 202 does not require potential litigant to "expressly state a viable claim before being permitted to take a pre-suit deposition").
The trial court must order a pre-suit deposition if it finds that (1) allowing the deposition may prevent a failure or delay of justice in an anticipated suit or (2) the likely benefit of ordering the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a).
B. Giammanco's Rule 202 petition is not a "legal action" subject to dismissal under the TCPA
A threshold issue in this case is whether a Rule 202 petition is a "legal action" subject to dismissal under the TCPA. The TCPA defines a "legal action" to include "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6). Although our sister courts in Austin and Fort Worth have concluded that a Rule 202 petition falls within the TCPA's definition of a "legal action," see DeAngelis v. Protective Parents Coalition , 556 S.W.3d 836, 847-49 (Tex. App.-Fort Worth 2018, no pet.) ; In re Elliott , 504 S.W.3d 455, 461-65 (Tex. App.-Austin 2016, orig. proceeding),[2] this *679 Court reached the opposite conclusion in a decision issued while this appeal was pending. See Caress , 576 S.W.3d at 781-82. That decision-holding that "the TCPA does not apply to Rule 202 proceedings"-is dispositive here. See Caress , 576 S.W.3d at 781. But we offer this additional analysis to address the arguments Hughes raised for applying the TCPA in the context of a Rule 202 proceeding, which are not arguments addressed in Caress.
Hughes contends that a Rule 202 petition is a "legal action" because it is a "petition" or a "judicial pleading or filing that requests legal or equitable relief." See TEX. CIV. PRAC. & REM. CODE § 27.001(6). Giammanco counters that the statutory definition of a "legal action" is not so broad as to include a Rule 202 petition that does not assert or maintain a substantive claim.[3] According to him, any construction that divorces the definition of a "legal action" from a more technical pleading instrument that initiates or maintains a cause of action would be incompatible with other TCPA provisions that supply context for the definition. These other provisions include Section 27.005's instruction that a court may not dismiss a legal action if the party bringing it makes "a prima facie case for each essential element of the claim in question " and Section 27.006's instruction that a court considering a dismissal motion must look at "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." See, e.g. , TEX. CIV. PRAC. & REM. CODE §§ 27.005(c) (emphasis added), 27.006(a) (emphasis added).
We note that the definition of a "legal action" does not expressly include Rule 202, a pre-suit deposition, or other pre-suit discovery. See TEX. CIV. PRAC. & REM. CODE § 27.001(6). We also acknowledge what other courts have observed-that the TCPA's definition of a "legal action" is "both expansive and varied." Serafine v. Blunt , 466 S.W.3d 352, 370 (Tex.App.-Austin 2015) (Pemberton, J., concurring) (citing Jaster v. Comet II Constr., Inc. , 438 S.W.3d 556, 563-71 (Tex. 2014) (plurality op.) (discussing at length distinctions between "action," "lawsuit," or "proceeding" and "cause of action")). As the Texas Supreme Court recently stated: "This undeniably 'broad' definition appears to encompass any 'procedural vehicle for the vindication of a legal claim.' " State ex rel. Best v. Harper , 562 S.W.3d 1, 9 (Tex. 2018) (quoting Paulsen v. Yarrell , 537 S.W.3d 224, 233 (Tex. App.-Houston [1st Dist.] 2017, pet. denied) ). As this Court decided in Caress , however, that is not the nature of a Rule 202 petition. See 576 S.W.3d at 781-82.
1. The meaning of a "petition"
Our sister courts in Austin and Fort Worth have concluded that the "petition" that begins a Rule 202 proceeding is, by the TCPA's plain language, a "legal action" subject to dismissal. See In re Elliott , 504 S.W.3d at 464 ; DeAngelis , 556 S.W.3d at 849 ; see also TEX. R. CIV. P. 202.1 ("A person may petition the court for an order authorizing the taking of a deposition...."), 202.2 (establishing requirements *680 for "the petition"), 202.3 (stating that "the petitioner must serve the petition"). Both courts also concluded that a Rule 202 petition seeking to investigate potential claims is also a "judicial pleading or filing" that requests "equitable relief," reasoning that the benefit conferred by the rule-a court order requiring a person to be deposed before a suit is filed-is equitable in nature in that Rule 202 derives from the former bill of discovery procedure and remedies provided by the English chancery courts. See In re Elliott , 504 S.W.3d at 464 ("Furthermore, the history of the Rule demonstrates that the Rule 202 'petition' is also a judicial pleading or filing that requests equitable relief"); DeAngelis , 556 S.W.3d at 849 ("[A] petition for pre-suit discovery pursuant to Rule 202 is a 'petition' or 'other judicial pleading or filing that requests legal or equitable relief' and thus fits squarely into TCPA's covered filings."); see also In re Doe (Trooper) , 444 S.W.3d 603, 605-06 (Tex. 2014) (orig. proceeding) (observing that Rule 202 derives from two repealed rules, former Rule 187, permitting discovery to perpetuate testimony, and former Rule 737, providing for bill of discovery, and explaining historical origins in courts of equity).
Though a conflict in the intermediate appellate courts is neither desirable nor a result reached lightly, we disagree with our respected colleagues in Austin and Fort Worth. See Caress , 576 S.W.3d at 781-82. In our view, to arrive at the conclusion they have reached, one must read the TCPA's definition of a "legal action" in isolation from the Act's other provisions and minimize the doubt raised in other appellate decisions as to the TCPA's application in proceedings other than those for adjudication of a legal claim on its merits. See Paulsen v. Yarrell , 537 S.W.3d 224, 233 (Tex. App.-Houston [1st Dist.] 2017, no pet.) (applying doctrine of ejusdem generis to TCPA's definition of "legal action" and observing that list within definition "is best characterized by observation that each element of this [enumerated] class is a procedural vehicle for vindication of a legal claim"). A correct understanding of the TCPA requires consideration of the definition of a "legal action" within the larger statutory context that informs its meaning. One "cannot divorce text from context," as "[t]he meaning of words read in isolation is frequently contrary to the meaning of words read contextually in light of what surrounds them." In re Office of the Att'y General , 456 S.W.3d 153, 155 (Tex. 2015) (per curiam); Bridgestone/Firestone, Inc. v. Glyn-Jones , 878 S.W.2d 132, 133 (Tex. 1994) ("Words in a vacuum mean nothing.").
With this framework in mind, we consider the meaning of the word "petition," one of the procedural devices expressly included within the definition of a "legal action." See TEX. CIV. PRAC. & REM. CODE § 27.001(6). The TCPA does not define "petition," but dictionaries do. See Jaster , 438 S.W.3d at 563 (explaining that when statute does not define term, courts must give term its "common, ordinary meaning" and may do so by looking to wide variety of sources, including dictionaries); Epps v. Fowler , 351 S.W.3d 862, 873 (Tex. 2011) (Hecht, J., dissenting) ("The place to look for the ordinary meaning of words is ... a dictionary."). Dictionaries define a "petition" broadly, and generically, as a formal written request presented to a court or other official. See, e.g. , In re Elliott , 504 S.W.3d at 464 (quoting Black's Law Dictionary definition of "petition" as "[a] formal written request presented to a court or other official body"); Petition , MERRIAM-WEBSTER DICTIONARY , http://www.merriam-webster.com/dictionary/petition, last visited (May 22, 2019) (defining "petition" as "a formal written request made to an official person or organized body (such as a court)"). Giammanco's *681 Rule 202 petition-which formally requests, in writing, a court order authorizing a pre-suit deposition-satisfies these definitions.
But, as Justice Pemberton observed in his opinion disagreeing with his Austin colleagues that a Rule 202 petition is a "legal action" under the TCPA, the term "petition" also "has a narrower, more technical connotation-the pleading instrument prescribed under the Texas Rules of Civil Procedure through which a plaintiff initiates and maintains a civil suit." In re Elliott , 504 S.W.3d at 475 (Pemberton, J., concurring); TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); TEX. R. CIV. P. 47 ("An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim shall contain....).
We agree with Justice Pemberton that the narrower usage of "petition" as a pleading through which a plaintiff brings a lawsuit and asserts substantive causes of action or claims for relief against another-as opposed to the "petition" used to obtain pre-suit discovery under Rule 202-is the one the Legislature intended. See In re Elliott , 504 S.W.3d at 475. As Justice Pemberton wrote:
This narrower usage of "petition" ... corresponds not only to the definition's accompanying references to "lawsuit" (the entire action being brought) and "cause of action" (factual bases for particular claims for relief that may be asserted within a lawsuit), but also the references to pleading devices through which parties in a lawsuit assert substantive claims or causes of action-"complaint" (the federal counterpart to the Texas "petition"), and "counterclaim" and "cross-claim" (terms for pleadings through which defendants assert such claims or causes of action under both the Texas and federal rules).
Id.
Construing "petition" more generically would render the Legislature's inclusion of the other procedural devices enumerated in the definition of a "legal action" meaningless because those devices also are formal written requests presented to a court and, thus, would be "petitions" in the broader sense of the word. The canons of construction counsel against such a result. See Reames v. Police Officers' Pension Bd. of City of Hous. , 928 S.W.2d 628, 632 (Tex. App.-Houston [14th Dist.] 1996, no writ) ("[E]very word of a statute is presumed to have been used for a purpose and the cardinal rule of statutory construction requires that each sentence, clause, phrase and word be given effect if reasonably possible.").
We cannot agree that a petition that asks only to be allowed use of a discovery tool earlier than normally permitted satisfies the TCPA's definition of a "legal action." Accordingly, we conclude that a Rule 202 petition is not a "petition" for purposes of the TCPA's definition of a "legal action." See TEX. CIV. PRAC. & REM. CODE § 27.001(6).
2. The meaning of a "judicial pleading or filing that requests legal or equitable relief"
We next address Hughes's argument that, as the Austin and Fort Worth courts concluded, a Rule 202 petition is a "judicial pleading or filing that requests legal or equitable relief." In re Elliott , 504 S.W.3d at 464-65 ; DeAngelis , 556 S.W.3d at 849.
This Court already has written on the meaning of the catch-all provision in the Act's definition of a "legal action." In Paulsen v. Yarrell , the panel considered whether a counter-motion to dismiss a TCPA motion to dismiss was a "legal action" because *682 it was a "judicial pleading or filing that requests legal or equitable relief." See 537 S.W.3d at 231-33. Applying the doctrine of ejusdem generis , the panel concluded that it was not because the list of more specific terms preceding the catchall-"lawsuit," "cause of action," "petition," "complaint," "cross-claim," and "counterclaim"-reflected that "each element of this class is a procedural vehicle for the vindication of a legal claim , in a sense that is not true for a motion to dismiss." Id. at 233 (emphasis added); see Hilco Elec. Co-op., Inc. v. Midlothian Butane Gas Co. , 111 S.W.3d 75, 81 (Tex. 2003) (explaining that when words of general nature are used in connection with designation of particular objects or classes of persons or things, meaning of general words will be restricted to particular designation).
In accordance with our construction of the catch-all provision in Paulsen , the Court recently held in Caress that a Rule 202 petition is not of the same general kind or class as the specific references that precede it. See Caress , 576 S.W.3d at 781. ("A Rule 202 petition for pre-suit discovery, like the motion to dismiss in Paulsen , is not a legal claim on the merits. As a result, we hold that the TCPA does not apply to Rule 202 proceedings...."). We follow these decisions.
Although a Rule 202 petition is a "judicial pleading or filing," the definition's reference to "legal or equitable relief" invokes the distinction between the "legal" and "equitable" remedies available "once some substantive right of recovery is proven; i.e., the 'legal' remedy of money damages versus the 'equitable' relief of injunctions, specific performance, and the like." In re Elliott , 504 S.W.3d at 477 (Pemberton, J., concurring) (citing Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. d (2011) for proposition that judgment for money presumptively is legal remedy, whereas "equitable remedies ... order the defendant to do something"; and 1 Dan B. Dobbs, Law or Remedies § 1.2 (2d ed. 1993), for similar proposition that "damages remedy was historically a legal remedy" and "[t]he injunction and most other coercive remedies were equitable"). Along this same line, our colleagues in Dallas, who were considering whether a subpoena served for a court-ordered deposition qualified as a "legal action," recently observed that the word "relief" itself contemplates the redress of a wrong and that "granting relief changes the relationship between the parties." Dow Jones & Co., Inc. v. Highland Capital Mgmt., L.P. , 564 S.W.3d 852, 857 (Tex. App.-Dallas 2018, pet. filed) (quoting BLACK'S LAW DICTIONARY (5th ed. 1983)); but see Best , 562 S.W.3d at 9 (relying on definition of "relief" that includes redress or benefit).
A Rule 202 petition does not seek legal or equitable relief in the traditional sense. A successful Rule 202 petitioner acquires only the right to obtain discovery. Combs , 410 S.W.3d at 534 ; see In re Hewlett Packard , 212 S.W.3d 356, 363 (Tex. App.-Austin 2006, orig. proceeding) ("[B]y its very nature, a rule 202 proceeding to investigate claims does not involve the adjudication of any claim or defense. It involves only the investigation of potential claims."). A Rule 202 petition is neither an end in and of itself nor a "procedural vehicle for the vindication of a claim." It does not change the relationship between the parties. Rather, it is a means of obtaining discovery to evaluate whether to pursue the vindication of a claim that may, or may not, be shown to exist through the pre-suit discovery. See Paulsen , 537 S.W.3d at 233 ; see also TEX. R. CIV. P. 202.1(b) (referencing "a potential claim or suit"), 202.2 (referencing "potential claim"
*683 and anticipated suit), 202.4 (same). Thus, a Rule 202 petition is not a "judicial pleading or filing that requests legal or equitable relief" for purposes of the TCPA's definition of a "legal action." See Caress , 576 S.W.3d at 781-82.
The Texas Supreme Court recently reaffirmed the nature of a Rule 202 proceeding in Glassdoor Inc. v. Andra Grp., L.P. , No. 17-0463, 575 S.W.3d 523, 526-28, 2019 WL 321934, at *2-3 (Tex. Jan. 25, 2019). There, Andra petitioned for a pre-suit deposition of Glassdoor, a jobs and recruiting website, where 10 anonymous individuals claiming to be Andra's former employees posted negative reviews. Id. at 525-26, 2019 WL 321934, at *1. Andra sought to discover the identity of the posters and investigate potential claims for defamation or business disparagement against them. Id. Glassdoor filed a TCPA dismissal motion in response. The trial court denied the TCPA motion and granted a pre-suit deposition that was limited in scope. Id. at 526-27, 2019 WL 321934, at *2.
On appeal, the Dallas court assumed without deciding that the TCPA applied to a Rule 202 proceeding, and concluded that the trial court acted within its discretion in finding that Andra showed the likely benefit of allowing discovery as to the two reviewers outweighed the burden or expense of the procedure. Id. (citing Glassdoor , 560 S.W.3d at 288-89 ).
In the Supreme Court, Glassdoor argued that Andra's Rule 202 petition was moot because the applicable statutes of limitations had run on the "as-yet unfiled claims" Andra sought to investigate. Id. at 527, 2019 WL 321934, at *3. The Supreme Court acknowledged that if Andra's claims were time-barred, "a court order allowing Andra to investigate those claims serves no legal purpose." See id. at 527, 2019 WL 321934, at *3. Because limitations had run on the unfiled claims, the proceeding was moot. Id.
In its holding, the Court acknowledged that the statute of limitations would not bar a claim filed for adjudication on the merits unless the affirmative defense was timely raised and proven by the defendant. See itation index="71" url="https://cite.case.law/citations/?q=2019%20WL%20321934">id. at 527 n.3, 2019 WL 321934, at *3 n.3. But, the Court explained, "where the statute of limitations runs on a claim as a matter of law while a Rule 202 petition seeking to investigate that claim is being litigated, the Rule 202 proceeding is rendered moot." Id. This ruling is consistent with the Court's earlier pronouncements that "pre-suit discovery 'is not an end within itself'; rather, it 'is in aid of a suit which is anticipated' and 'ancillary to the anticipated suit.' " In re Wolfe , 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam).
Contrary to Hughes's suggestion, a different interpretation is not compelled by the Texas Supreme Court's decision in Best. 562 S.W.3d at 9. There, the Court considered whether a petition to remove an elected county official under the Local Government Code was not a "legal action" because it requested "constitutional" or "political" relief instead of "legal or equitable relief" in the form of damages, an injunction, or a declaration. Id. at 5-6, 8-10. The Court reasoned:
A court order requiring the defendant's removal or ouster from office is undoubtedly a "remedy." And "remedy" is another word for "relief." Here, the remedy the state seeks is only available because Texas law-specifically, article 5, section 24 of the Texas constitution and chapter 87 of the Texas Local Government Code-provides it. Because a removal petition seeks legal relief in the form a statutory remedy , the pleading is a "legal action" under the TCPA.
*684 Id. at 9 (internal citations and quotations omitted; emphasis added). The Court's conclusion rested on the definition of "relief" in Black's Law Dictionary-the "redress or benefit[ ] that a party asks of a court." Id. (citing Relief , BLACK'S LAW DICTIONARY (10th ed. 2014)).
Although we acknowledge that an order compelling a person's deposition before she has been sued is a benefit that would not be available absent Rule 202's promulgation, it is not a benefit that is equivalent to a remedy in the same sense as the statutory removal remedy in Best. At its core, Rule 202 entitles the successful petitioner to discovery, which, again, is only a tool in aid of evaluating whether to pursue a remedy later. In re Wolfe , 341 S.W.3d 932, 933 (Tex. 2011) (per curiam) (stating that "pre-suit discovery 'is not an end within itself'; rather, it 'is in aid of a suit which is anticipated' and 'ancillary to the anticipated suit' ") (quoting Office Emps. Int'l Union Local 277 v. Sw. Drug Corp. , 391 S.W.2d 404, 406 (Tex. 1965) ). And the testimony secured by a Rule 202 deposition may conclusively demonstrate no action from which to seek a remedy at all.
Nor do we find that our interpretation is contrary to the warnings from this and other courts that a party must not be permitted to obtain through Rule 202 what it would be denied in the anticipated action. See In re Wolfe , 341 S.W.3d at 933 ; Orion Drilling Co. , 512 S.W.3d at 492. Even in a lawsuit that may be subject to dismissal under the TCPA, the Act does not completely foreclose discovery. See TEX. CIV. PRAC. & REM. CODE § 27.006(b). Specific and limited discovery relevant to a dismissal motion may be allowed upon a showing of good cause, which may be a less stringent standard than Rule 202's requirement that both the need for the requested pre-suit discovery and the burden and expense of the discovery procedure be considered. Compare id., with TEX. R. CIV. P. 202(a)(2) (requiring court to find that "likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure"); see TEX. R. CIV. P. 202.5 (providing that scope of discovery in pre-trial depositions is "same as if the anticipated suit or potential claims had been filed"). And the courts already have been instructed to take a hard look at petitions for pre-suit discovery to prevent abuse of the rule. In re Wolfe , 341 S.W.3d at 933 (directing courts to "strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule").
3. Consideration of the TCPA as a whole
Consideration of the TCPA as a whole confirms our view that the Legislature intended the narrower notions of a "judicial pleading or filing that requests legal or equitable relief" as well as the more technical meaning of "petition" discussed above. Section 27.005-which prescribes the standards under which a TCPA motion to dismiss a "legal action" shall be decided-provides that the party bringing the legal action can avoid dismissal only if he "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question. " TEX. CIV. PRAC. & REM. CODE § 27.005(c) (emphasis added). If that party makes the showing required to survive dismissal, the burden shifts back to the TCPA movant to establish "by a preponderance of the evidence each essential element of a valid defense to the non-movant's claim. " Id. § 27.005(c) (emphasis added). In performing these analyses and also in ascertaining whether a movant has met her initial burden, Section 27.006(a) directs trial courts to "consider the pleadings and supporting and opposing affidavits stating the facts on *685 which the liability or defense is based." Id. § 27.006(a) (emphasis added). These various references harken to substantive causes of action or theories of recovery, not to petitions seeking depositions under Rule 202. As stated above, a Rule 202 petition asserts no substantive claim or cause of action. Combs , 410 S.W.3d at 534.
In addition, the Legislature did not indicate its intention to overwrite Rule 202 in enacting the TCPA. Often Rule 202 petitions are filed because the operative facts are unclear to the petitioner, meaning all such petitions will be subject to defeat via a TCPA dismissal motion if we construe the Act to include a Rule 202 petition as a "legal action" and require a Rule 202 petitioner to have prima facie evidence of the claim he seeks to investigate before filing his petition. See TEX. CIV. PRAC. & REM. CODE § 27.005(c). Even if we construed the Act as imposing a lighter burden on a Rule 202 petitioner-to show only a prima facie case that the Rule 202 elements exist-we would still render Rule 202 a nullity in cases where the limitations period for the potential claim may expire before the TCPA proceedings conclude. See Glassdoor Inc. , 575 S.W.3d at 526-28, 2019 WL 321934, at *2-3 (dismissing appeal as moot because limitations period for unfiled claims sought to be investigated in Rule 202 proceeding had expired as matter of law as ruling on TCPA motion worked through the appellate courts); see also TEX. CIV. PRAC. & REM. CODE § 16.002(a) (statute of limitations for defamation claims is one year).
Our conclusion that a Rule 202 petition is neither a "petition" nor a "judicial pleading or filing that requests legal or equitable relief," as contemplated by the TCPA, does not violate the Legislature's mandate to liberally construe the TCPA "to effectuate its purpose fully." See TEX. CIV. PRAC. & REM. CODE § 27.011(b). An instruction to liberally construe a statute does not authorize us to ignore, rewrite, or displace the text actually used. If we did not account for both text and context in ascertaining the TCPA's meaning, we would "undermine not only the Legislature's intent in the statute (as with all statutes), but also 'the sound operation of our civil justice system [and] the sometimes-competing rights of Texans'-including liberties and protections at the core of our governmental system-'that the statute was expressly intended to balance and reconcile.' " In re Elliott , 504 S.W.3d at 473 (Pemberton, J., concurring) (quoting Serafine , 466 S.W.3d at 394 (Pemberton, J., concurring)).
Conclusion
For all these reasons, we hold that Giammanco's Rule 202 petition is not a "legal action" subject to a TCPA motion to dismiss. See Caress , 576 S.W.3d at 781-82. We conclude that Hughes did not, and could not, meet her initial burden in seeking dismissal under the TCPA. We therefore affirm the trial court's denial of Hughes's motion to dismiss,[4] and we lift our stay of the trial court proceedings.

Although Hughes submitted copies of her EEOC charge and amended charge to the trial court, her factual allegations are redacted.

Two other courts have presumed without deciding that the TCPA applies in the context of a Rule 202 proceeding. See Breakaway Practice, LLC v. Lowther , No. 05-18-00229-CV, 2018 WL 6695544, at *2 n.2 (Tex. App.-Dallas Dec. 20, 2018, pet. filed) ; Puig v. Hejtmancik , No. 14-17-00358-CV, 2017 WL 5472781, at *2 (Tex. App.-Houston [14th Dist.] Nov. 14, 2017, no pet.) ; Glassdoor, Inc. v. Andra Grp., LP , 560 S.W.3d 281, 293-94 (Tex. App.-Dallas 2017), rev'd on other grounds by 575 S.W.3d 523 (Tex. 2019).

Although Giammanco does not expressly say so in his brief, we understand him to use the word "claim" in a way that is synonymous with a cause of action or a demand for damages or injunctive or declaratory relief. Cf. Jaster v. Comet II Constr., Inc. , 438 S.W.3d 556, 565 (Tex. 2014) (plurality op.) (recognizing that "claim" and "cause of action" may be used interchangeably to refer to "the facts giving rise to a right that is enforceable in that proceeding").

Our interlocutory appellate jurisdiction is asserted under a different statute than was at issue in Caress. Compare 576 S.W.3d at 781-82 (dismissing appeal after concluding court did not have interlocutory jurisdiction under Tex. Civ. Prac. & Rem. Code § 27.008 ), with Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing interlocutory appeal from order that "denies a motion to dismiss filed under Section 27.003"). We conclude that affirmance is the appropriate remedy in this case. See Tex. Civ. Prac. & Rem. Code § 51.014(a)(12).