

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00182-CV

IN RE: PETITION OF KRAUSE LANDSCAPE CONTRACTORS, INC.

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 108,515-CV, Honorable Ana Estevez, Presiding

January 2, 2020

OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

After appellee, Krause Landscape Contractors, Inc., filed a "petition requesting depositions to investigate potential claim or suit," *see* TEX. R. CIV. P. 202, appellants, Pasqual Perez and Shannon Hughes, moved to dismiss the petition under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011 (West 2015). The trial court denied the motion to dismiss and authorized Krause's pre-suit depositions. Perez and Hughes filed this interlocutory appeal. *See id.* § 51.014(a)(12) (West Supp. 2018) (authorizing interlocutory appeal of denial of TCPA motion to dismiss). Concluding that pre-suit depositions under Rule 202 are legal actions

within the scope of the TCPA and that Krause failed to establish its prima facie case by clear and convincing evidence, we reverse the judgment of the trial court and remand for further proceedings.

Factual and Procedural Background

Perez and Hughes are both former employees of Krause.  In early 2019, Perez, a maintenance foreman, and Hughes, Director of Human Resources, called in sick to work. On that same day, Krause was informed by an existing customer that Perez had approached him about acquiring his landscaping services from Perez's newly formed landscaping company.  After learning of this information, Krause contacted other customers, many of whom indicated that they had been approached by Perez about moving their business from Krause to Perez's new company.  Krause attempted to contact Perez but was unsuccessful.

Upon discovering that Perez had started his own landscaping company, Krause sent employees to recover the work vehicle assigned to Perez.  When Krause's employees arrived at Perez's residence and acquired the truck, they found that it was emptied of tools and personal property belonging to Krause.  Upon this discovery, Krause employed an attorney to send a letter to Perez demanding the return of Krause's property. After receiving the letter, Perez returned a portion of the property.  However, Krause contends that its records reflect that Perez maintains possession of certain equipment and items purchased by Perez using his Krause company credit card.

Hughes went multiple consecutive days without attending her job with Krause at the same time that Perez left his.  She did not return any of Krause's numerous attempts

2

to contact her. As a result, Krause determined that Hughes had abandoned her job. After discovering that certain information was missing from Hughes's computer, Krause had her computer analyzed to determine whether Hughes had deleted any information from her company computer before abandoning her position. The analysis revealed that Hughes had deleted numerous files and other data from her work computer in the days leading up to the abandonment of her job.

On April 4, 2019, Krause filed its petition requesting depositions of Perez and Hughes to investigate potential claims or suit. Appellants responded by filing a motion to dismiss under the TCPA. After holding a hearing, the trial court denied appellants' motion to dismiss and granted Krause's petition to depose Perez and Hughes. It is from this order that appellants timely filed their interlocutory appeal.

Perez and Hughes present three issues by their appeal. In their first issue, appellants contend that the trial court committed reversible error by concluding that Krause's Rule 202 petition is not a "petition" under the TCPA. By their second issue, appellants contend that the trial court committed reversible error by failing to apply the TCPA's procedures to Krause's Rule 202 petition. By their third issue, appellants contend that, even if the TCPA does not apply, the trial court erred in granting Krause's petition under the standards of Rule 202.

Law and Analysis

Does the TCPA Apply to Krause's Rule 202 Petition?

By their first issue, appellants argue that the trial court committed reversible error when it concluded that Krause's Rule 202 petition is not a "petition" under the TCPA. This is an issue of first impression in this Court.

The TCPA is "sometimes referred to as an anti-SLAPP law—the acronym standing for strategic lawsuit against public participation." *Hughes v. Giammanco*, 579 S.W.3d 672, 676-77 (Tex. App.—Houston [1st Dist.] 2019), *reh'g granted and appeal dism'd as moot by*, No. 01-18-00771-CV, 2019 Tex. App. LEXIS 6395 (Tex. App.—Houston [1st Dist.] July 25, 2019) (quoting *KBMT Operating Co. v. Toledo*, 492 S.W.3d 710, 713 n.6 (Tex. 2016)). The TCPA was designed "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002; *see In re Lipsky*, 460 S.W.3d 579, 586-87 (Tex. 2015). To effectuate this purpose, the Act establishes a procedure that enables a party to seek an expeditious dismissal of frivolous claims and recover attorney's fees and sanctions. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003; *Dow Jones & Co. v. Highland Capital Mgmt., L.P.*, 564 S.W.3d 852, 855 (Tex. App.—Dallas 2018, pet. denied).

The process established by the TCPA involves a shifting burden. The first step requires the party moving for dismissal to show, by a preponderance of the evidence, that the non-movant's "'legal action' is 'based on, relates to, or is in response to [the movant's]

4

exercise of the right of free speech, right to petition, or right of association,' as those rights are statutorily defined." *Hughes*, 579 S.W.3d at 677 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001(2)-(4), .003(a), .005(b)). If the movant meets this initial burden, the burden shifts to the non-movant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 848 (Tex. App.—Fort Worth 2018, no pet.). When assessing a motion to dismiss under the TCPA, the court must consider pleadings, evidence, and supporting and opposing affidavits that state the facts upon which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). If the court dismisses the legal action, it is required to award court costs and reasonable attorney's fees to the movant and may award sanctions against the party who filed the legal action. *Id.* § 27.009(a); *DeAngelis*, 564 S.W.3d at 848.

In the present case, the threshold inquiry is whether a Rule 202 petition is a "legal action" subject to the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). In making this determination, we must construe the statute. We review issues of statutory construction de novo. *Hughes*, 579 S.W.3d at 677; *In re Elliott*, 504 S.W.3d 455, 463 (Tex. App.—Austin 2016, orig. proceeding). As a reviewing court, we must enforce the statute "as written" and "refrain from rewriting text that lawmakers chose." *Dow Jones & Co.*, 564 S.W.3d at 854 (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009)). The plain meaning of the text used in a statute is the best expression of legislative intent, unless a different meaning is provided by legislative definition or is apparent from the context, or the plain meaning would lead to an absurd result. *Hughes*, 579 S.W.3d at 677; *In re Elliott*, 504 S.W.3d at 463. The TCPA itself instructs courts to

construe the Act "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b).

Under the TCPA, a "legal action" includes a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id.* § 27.001(6) (emphasis added). Texas Rule of Civil Procedure 202.1 states, "A person may petition the court for an order authorizing the taking of a deposition . . . ." TEX. R. CIV. P. 202.1 (emphasis added). Thus, on its face, a Rule 202 petition falls within the description of a "legal action" covered by the TCPA. *In re Elliott*, 504 S.W.3d at 463. A petition for pre-suit discovery filed under Rule 202 is a petition or other judicial pleading or filing that requests legal or equitable relief and, as such, falls into the definition of a "legal action" under the TCPA. *DeAngelis*, 556 S.W.3d at 849; *In re Elliott*, 504 S.W.3d at 464-65. Consequently, we conclude that Krause's Rule 202 petition is a legal action that is subject to the dismissal procedure under the TCPA.

Appellants point out that the Legislature has amended the TCPA in a manner that appears to exclude Krause's Rule 202 petition from the definition of a legal action covered by the TCPA. Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 378. However, this amendment did not take effect until September 1, 2019. *Id.* The amendment of this provision of the TCPA does not affect the operation of the prior version of the statute. TEX. GOV'T CODE ANN. § 311.031(a)(1) (West 2013). This intent is made especially clear when the Legislature expressly states that the amendment "applies only to an action filed on or after the effective date" of the amendment. Act of June 2, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 378. Consequently, we are not

6

called upon in this appeal to construe the effect of the definition of "legal action" under the amended version of the statute. Rather, this appeal requires us to construe the definition of "legal action" as it was defined in the pre-amended version of the statute and we conclude that, under that definition, a Rule 202 petition falls within the class of legal actions covered by the Act.

Krause contends that a Rule 202 petition is not a legal action, in spite of it being initiated by a petition, because it seeks depositions and not legal remedies. While a Rule 202 petition does not seek legal remedies in the traditional sense, it does seek an equitable remedy that falls within the ambit of a TCPA legal action. *In re Elliott*, 504 S.W.3d at 464-65.

In relation to its first issue, Krause contends that appellants have not met their initial burden to show that the claims which underlie Krause's Rule 202 petition are based on, relate to, or are in response to appellants' exercise of the right of free speech, petition, or association. Specifically, Krause contends that appellants have not shown how Krause's claims of conversion and theft are based on, related to, or in response to appellants' exercise of their constitutional rights. Krause also contends that the legislative amendment to the TCPA referenced above expressly excludes actions arising from employer-employee relationships that seek recovery for misappropriation of trade secrets or corporate opportunities. Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 9, 2019 Tex. Gen. Laws 378. While we acknowledge these contentions as being valid, we reiterate that the 2019 amendments to the TCPA did not take effect until September 1, 2019, long after this case accrued and was filed. *See* TEX. GOV'T CODE ANN. § 311.031(a)(1) (amendment of statute does not affect operation of prior version). Since a Rule 202

7

petition seeks a deposition that will address all of the potential claims that might be brought by the petitioner, we conclude that a Rule 202 petition is covered by the TCPA if any of the potential claims underlying the request are based on or relates to the opposing party's exercise of the enumerated constitutional rights. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). We conclude that Krause's Rule 202 petition seeks the depositions of Perez and Hughes based on or related to their exercise of their free speech, concerning their discussions with current Krause clients, and association, concerning their association with current Krause clients and employees, rights.

Because we conclude that a Rule 202 petition is a legal action under the TCPA, we conclude a Rule 202 petition is subject to the TCPA's dismissal process. As such, we sustain appellants' first issue.

<u>Did Krause Prove its Prima Facie Case by Clear and Specific Evidence?</u>

Because we have concluded that Krause's Rule 202 petition is a legal action covered by the TCPA and that Krause's claims relate to appellants' exercise of their free speech and association rights, we must now consider whether the trial court erred in concluding that Krause met its burden to show by clear and specific evidence a prima facie case for "each essential element of the claim in question." *Id.* § 27.005(c).

As stated above, when the TCPA applies to a claim, the nonmovant may avoid dismissal by providing clear and specific evidence that establishes a prima facie case for each element of the claim in question. *Id.*; *DeAngelis*, 556 S.W.3d at 853. In making this determination, we must determine what are the essential elements of a Rule 202 petition. Rule 202 permits a person to petition the court for authorization to take a deposition before

filing a suit to perpetuate or obtain the person's testimony or that of another for use in an anticipated suit or to investigate a potential claim or suit.  TEX. R. CIV. P.  202.1.  Rule 202 does not require a petitioner to plead a specific cause of action; rather, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein.  *DeAngelis*, 556 S.W.3d at 853.  Ultimately, we agree with our sister court's analysis in *DeAngelis* that,

> Rule 202's purpose and words compel us, in the context of a TCPA challenge to a request for Rule 202 pre-suit discovery, to hold that the applicant must establish by clear and specific evidence a prima facie case for the elements of obtaining a pre-suit deposition, namely that:
>
> (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit[;] or
>
> (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

*Id.* at 854 (citing TEX. R. CIV. P. 202.4(a), and *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding)).

Having concluded what essential elements are involved with a Rule 202 petition, we must now determine whether Krause established, by clear and specific evidence, the prima facie elements that entitle it to pre-suit discovery under Rule 202.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).  A prima facie case is established by "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted."  *In re Lipsky*, 460 S.W.3d at 590.  In other words, a prima facie case is established by the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.  *Grant v. Pivot Tech. Solutions, Inc.*, 556 S.W.3d 865, 882 (Tex.

9

App.—Austin 2018, pet. filed). The TCPA requires that a prima facie case be established by "evidence which is 'clear and specific'—'clear' meaning 'unambiguous,' 'sure or free from doubt,' and 'specific' meaning 'explicit' or 'referring to a particular named thing.'" *Id.* Taken together, these elements require that a party "provide enough detail to show the factual basis for its claim, and thus effectively abrogate the utility of mere notice pleading as evidence to that end. *Id.* (internal quotation marks omitted).

Courts are directed to strictly limit pre-suit discovery under Rule 202 to prevent abuse. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam). Such cases may not be used as a license for forced interrogations or to circumvent discovery limitations that would apply in the anticipated suit. *Id.*

In the present case, Krause indicated in its petition that it wanted to depose Perez and Hughes to "determine whether to file suit against either or both deponents," and "to discover certain facts forming the basis of any potential suit . . . ." Nothing in Krause's petition or evidence indicates that Krause needs to take appellants' depositions to prevent a failure or delay of justice in its potential suit. Thus, to overcome appellants' motion to dismiss, Krause must establish, by clear and specific evidence, that the likely benefit of allowing Krause to take the depositions to investigate its potential claims outweighs the burden or expense of the procedure. *DeAngelis*, 556 S.W.3d at 854. A Rule 202 petitioner cannot generally rely on its verified pleadings to prove the facts asserted in its petition. *Id.* at 855.

Krause's petition alleges that the depositions are needed to determine whether a suit should be filed against appellants. Its response to appellants' motion to dismiss

10

alleges that it satisfied its burden by meeting the pleading requirements of Rule 202 and that its attached evidence gives rise to the possibility that Krause could possess claims of conversion, theft of property, theft of trade secrets, and other potential claims against appellants. However, the allegations contained in the petition and the response, as well as the evidence provided, does not clearly and specifically demonstrate the need for Krause to obtain the pre-suit discovery.

Krause's petition and response merely indicate that it desires to investigate potential claims and that the "burden and expense of sitting for depositions is small and inconsequential as compared to the cost of litigation." Such conclusory statements merely reflect the language of Rule 202, which, without including any explanatory facts, is insufficient to meet the burden to establish a prima facie case by clear and specific evidence. *Id.* at 856; *In re East*, 476 S.W.3d 61, 69 (Tex. App.—Corpus Christi 2014, orig. proceeding). Of most importance, other than simply concluding that it would be true, Krause fails to clearly and specifically identify how the benefit of the pre-suit depositions would outweigh their costs. Without more, this is insufficient to meet Krause's burden under the TCPA dismissal procedure. *DeAngelis*, 556 S.W.3d at 856-58. This was the conclusion in *DeAngelis* even though the petitioner in that case agreed to bear the financial costs of the deposition. *Id.* at 842. Here, Krause did not agree to bear this burden. Further, the record reflects that Krause has amassed significant evidence that it possesses claims against appellants, which leaves the impression that Krause is attempting to use the Rule 202 pre-suit deposition process as a license for forced interrogation of Perez and Hughes. *Id.* at 855 (citing *In re Wolfe*, 341 S.W.3d at 933). On the other hand, the burden of pre-suit depositions is high because discovery demands

are made on individuals or entities before the issues have been identified. *In re Cauley*, 437 S.W.3d 650, 657 (Tex. App.—Tyler 2014, orig. proceeding) (mem. op.).

Because we have concluded that the TCPA applies to a Rule 202 petition and as Krause failed to discharge its burden to establish a prima facie case for its Rule 202 petition by clear and specific evidence, we conclude that the trial court erred in denying appellants' motion to dismiss. We sustain appellants' second issue.

<u>Did Trial Court Err in Granting Petition Under Rule 202?</u>

Because we have concluded that the trial court erred in denying appellants' motion to dismiss under the TCPA, we need not address appellants' conditional third issue. *See* TEX. R. APP. P. 47.1.

Conclusion

Having sustained appellants' first two issues, we reverse the trial court's order denying appellants' motion to dismiss and authorizing pre-suit depositions and remand to the trial court with direction that the trial court enter an order granting appellants' motion to dismiss and conduct further proceedings consistent with this opinion.

Judy C. Parker<br>Justice

Pirtle, J., dissenting.

12