COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MATTHEW FLOREZ and LEXUS BROWN, | § § § | No. 08-19-00302-CV |
| Appellants, | § | Appeal from the |
| v. | § | 143rd District Court |
| PASCUAL Q. OLIBAS, | § | of Reeves County, Texas |
| Appellee. | § § | (TC# 19-07-23056-CVR) |

## CONCURRING OPINION

I join the Court's opinion and write only to emphasize two points.

First, whether the Texas Citizens Participation Act (TCPA) applies to the proceedings filed under Rule 202 of the Texas Rules of Civil Procedure is sharply disputed, as explained in several well-reasoned and conflicting court of appeals opinions. *Cf. Houston Tennis Assoc., Inc. v. Thibodeaux*, 602 S.W.3d 712, 718-19 (Tex.App.--Houston [14th Dist.] 2020, no pet.) (holding Rule 202 petitions are not "legal actions" under the TCPA) and *Hughes v. Giammanco*, 579 S.W.3d 672, 677 (Tex.App.--Houston [1st Dist.] 2019, *judgment set aside, opinion not vacated*, No. 01-18-00771-CV, 2019 WL 3331124 (Tex.App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.) (same) *with In re Elliott*, 504 S.W.3d 455, 465 (Tex.App.--Austin 2016, orig.

proceeding) (Rule 202 motions seek equitable relief and are subject to TCPA) and *Deangelis v. Protective Parents Coalition*, 556 S.W.3d 836, 848 (Tex.App.--Fort Worth 2018, no pet.) (Rule 202 proceedings are legal actions subject to TCPA). Today we side with the Austin and Fort Worth courts. But practitioners should be careful to consider that these cases were decided under prior versions of the TCPA. In 2019 the legislature modified the definition of a "legal action"—the key term at issue in these cases—to now provide that "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief" is *not* a legal action. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 TEX.SESS. LAW SERV. 684 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 27.00(6)). Our decision today does not suggest how the question would be decided under the 2019 amendment to the TCPA. *See* Amy Bresnen, Lisa Kaufman, Steve Bresnen, *Targeting the Texas Citizen Participation Act: The 2019 Texas Legislature's Amendments to a Most Consequential Law*, 52 St. Mary's L.J. 53, 75 (2020) (discussing possible effect of amendments on the TCPA's application to Rule 202 proceedings).

The second point that I write to emphasize is what the proponent of a Rule 202 motion must establish when confronted with a TCPA motion. Under the TCPA—when it applies—the non-moving party must "establish by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX.CIV.PRAC. & REM.CODE ANN. § 27.005. As our decision makes clear, the "essential elements of the claim" are not the elements of the potential legal action that the Rule 202 movant proposes to investigate. Otherwise, the TCPA would require the rather absurd result that a party must have clear and specific evidence for a claim that they may never file. At the Rule 202 stage, the movant is only investigating whether they do have a basis in fact to bring a claim. So, the "essential elements of the claim" in this context would be

limited to the predicates for a Rule 202 action. *See Breakaway Prac., LLC v. Lowther*, No. 05-18-00229-CV, 2018 WL 6695544, at *3 (Tex.App.--Dallas Dec. 20, 2018, pet. denied) (mem. op.) ("to defeat a motion to dismiss directed to a Rule 202 petition, the nonmovant is only required to establish a prima facie case for the relief requested in the Rule 202 petition, not any claims it is seeking to investigate"); *In re Krause Landscape Contractors, Inc.*, 595 S.W.3d 831, 838 (Tex.App.--Amarillo 2020, no pet.) (same). Stated otherwise, to overcome the TCPA motion to dismiss, the proponent of the Rule 202 petition must establish that: (1) "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit"; *or* (2) "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX.R.CIV.P. 202.4(a). Here, Appellants argued that the record failed to establish either, and in their briefing drew parallels to the Amarillo Court of Appeals analysis of the same issue in *In re Krause Landscaping Contractors*. Olibas makes no argument in reply, and it is not our role to make arguments on behalf of parties.

JEFF ALLEY, Justice

July 26, 2022

Before Rodriguez, C.J., Palafox and Alley, JJ.

3