

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MATTHEW FLOREZ and LEXUS BROWN, | § | No. 08-19-00302-CV |
| Appellants, | § | Appeal from the |
| v. | § | 143rd District Court |
| PASCUAL Q. OLIBAS, | § | of Reeves County, Texas |
| Appellee. | § | (TC# 19-07-23056-CVR) |

## **O P I N I O N**

Appellants, Matthew Florez and Lexus Brown, appeal a motion to dismiss under the Texas Citizens Participation Act (TCPA), which was overruled by operation of law. When Appellee Pascual Q. Olibas, filed a petition pursuant to Rule 202 of the Rules of Civil Procedure seeking pre-suit depositions of the Appellants for a potential trademark violation claim, Appellants sought to dismiss the petition under the TCPA. Following a hearing, the trial court failed to rule on the motion, and it was overruled by operation of law. Then, while this appeal was pending, Appellee nonsuited the Rule 202 petition and asserted in his response brief the appeal was mooted. Appellants countered their motion must be heard in this Court on the merits because dismissal under the TCPA requires awarding attorney's fees and sanctions to a successful movant, which is an affirmative claim for relief that survives a nonsuit by the opposing party.

We agree with Appellants that their request for attorney's fees and sanctions in the TCPA motion to dismiss constitute affirmative claims for relief that survived Appellee's nonsuit of the Rule 202 petition. Accordingly, we deny Appellee's motion to dismiss this appeal.

Likewise, we agree the trial court erred in not granting Appellants' motion to dismiss under the TCPA. We reverse the decision of the trial court and remand to the trial court for further proceedings consistent with Section 27.009(a) of the Civil Practices and Remedies Code.

## BACKGROUND

On July 24, 2019, Appellee filed a petition for pre-suit deposition. *See* TEX.R.CIV.P. 202. Therein, he sought to depose Appellants to "investigate a potential suit or claim" for trademark violations related to Appellants' alleged use of a business name which Appellee claimed was "deceptively similar" to his business name in the same geographic market and for the same service—supplying bail bonds. In his petition, Appellee stated he expected to obtain information regarding: (1) Appellants' business relationship with one another; (2) the decision to use the name "Freebird Bail Bonds" for a bail bonds business which Appellee alleges Appellants jointly operate; and (3) information about the process by which Appellants obtained approval from the Reeves County Sheriff's Department to operate as a bondsman business.

In response, Appellants filed a motion to dismiss under the TCPA, arguing the Rule 202 petition is a "legal action" based on or related to the Appellants' exercise of their "right[s] of free speech" and "right[s] of association," as the TCPA defines those terms.[1] Citing cases out of the

---

[1] All references to the TCPA are to the version that applies to this dispute and for purposes of simplicity will be cited to the applicable section of the TCPA in effect at the relevant time of these proceedings. Portions of the TCPA were amended in 2019 and 2021. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 TEX.GEN.LAWS 684, 684-687 (codified at TEX.CIV.PRAC. & REM. CODE ANN. §§ 27.001, .27.003, 27.005-27.0075, 27.009); *and* Act of June 18, 2021, 87th Leg., R.S., ch. 915, § 3.001, Sec. 27.010(a), 2021 TEX.GEN.LAWS 2286 (codified at TEX.CIV.PRAC.&REM. CODE § 27.010). These amendments do not apply to this case. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11–12, 2019 TEX.GEN.LAWS. at 687 (providing that the amendments apply to actions filed on or after September 1,

2

Austin and Fort Worth courts of appeals,[2] Appellants' motion claimed a Rule 202 petition satisfies the statutory definition of "legal action" because it "is a 'petition' or 'other judicial pleading or filing that requests legal or equitable relief' and thus fits squarely into TCPA's covered filings." *See DeAngelis*, 556 S.W.3d at 849; *see* TEX.CIV.PRAC.&REM. CODE ANN. § 27.001(6)("Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing requesting legal or equitable relief.). Appellants further claimed the information Appellee sought to discover was based on, related to or in response to Appellants' "right of free speech" and "right of association."[3] In their prayer for relief, Appellants asked for attorney's fees, costs, and sanctions, among other relief. They also filed an answer generally

---

2019) *and* Act of June 18, 2021, 87th Leg., R.S., ch. 915, § 22.001, 2021 TEX.GEN.LAWS at 2349 (providing that effective date of the Act is September 1, 2021). Because the amendments were not made retroactive, the prior definition applies to this appeal. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC.*, 591 S.W.3d 127, 129 (Tex. 2019)("The prior version of the statute continues . . . to control cases filed before September 1, 2019.").

[2] *See DeAngelis v. Protective Parents Coalition*, 556 S.W.3d 836, 849 (Tex.App.—Fort Worth 2018, no pet.)(holding Rule 202 petition for pre-suit deposition is a "legal action" under the TCPA) *and In re Elliott*, 504 S.W.3d 455, 463-64 (Tex.App.—Austin 2016, no pet.)(same); *but see Houston Tennis Assoc., Inc. v. Thibodeaux*, 602 S.W.3d 712, 718-19 (Tex.App.—Houston [14th Dist.] 2020, no pet.)(holding Rule 202 petitions are not "legal actions" under the TCPA) *and Hughes v. Giammanco*, 579 S.W.3d 672, 678-685 (Tex.App.—Houston [1st Dist.] 2019, no pet.), *setting aside judgment, not vacating opinion*, No. 01-18-00771-CV, 2019 WL 3331124 at *1 (Tex.App.—Houston [1st Dist.] July 25, 2019, no. pet.)(mem. op.)(same).

[3]
(1) 'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.
(2) 'Exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests.
(3) 'Exercise of the right of free speech' means a communication made in connection with a matter of public concern.
　　　　　　　…　　　　　　　…　　　　　　　…
(7) 'Matter of public concern' includes an issue related to:
　　　(A) health or safety;
　　　(B) environmental, economic, or community well-being;
　　　(C) the government;
　　　(D) a public official or public figure; or
　　　(E) a good, product, or service in the marketplace.

*See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001.

denying the allegations in the Rule 202 petition and opposing the purported need for pre-suit discovery.

The trial court held a hearing on Appellants' motion to dismiss on October 11, 2019. The trial court did not enter an order ruling on the motion to dismiss. Accordingly, Appellants' motion was overruled by operation of law thirty days after the date of the hearing. *See* TEX.CIV.PRAC.&REM. CODE ANN. §§ 27.005(a), 27.008(a). This timely interlocutory appeal followed.

On March 18, 2020, the trial court entered an order non-suiting the Rule 202 petition at Appellee's request. On March 20, 2020, Appellee moved for a dismissal of this appeal based on the underlying non-suit in the trial court.

**DISCUSSION**

The stated purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX.CIV.PRAC.&REM. CODE ANN. § 27.002. Where a "legal action is based on, relates to, or is in response to a party's exercise" of one of the enumerated rights, the aggrieved party may seek dismissal of the action by filing a motion to dismiss. *See id.* § 27.003(a).

Appellant's brief reasserts the same arguments made to the trial court in favor of dismissing the Rule 202 petition under the TCPA: specifically, the petition for pre-suit deposition is a "legal action" concerning Appellants' "right[s] of free speech" and "right[s] of free association" as the terms are defined in the statute, and asserting it was error for the trial court to find otherwise by

4

not granting the motion to dismiss. Appellee responded to the merits of Appellants' issues, claiming a Rule 202 petition does not satisfy the definition of a "legal action" under the TCPA, nor is it related to or in response to Appellants' rights of free speech, petition, or association.

However, Appellee's primary argument is the non-suiting of the underlying petition moots this interlocutory appeal. Appellants' reply brief urges this Court to consider the merits of the TCPA motion to dismiss because their request for attorney's fees and sanctions in the motion constitutes an affirmative claim for relief which cannot be mooted by Appellee's nonsuit of his petition. We consider the mootness issue first.

### *Mootness*

A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when none exists; or (2) a party seeks a judgment upon some matter which cannot have a practical legal effect upon a then-existing controversy. *Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex.App.—El Paso 2010, no pet.). An actual controversy no longer exists between the parties when "the decision of an appellate court would be a mere academic exercise." *Beltran*, 324 S.W.3d at 110, (quoting *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex.App.—El Paso 1994, no writ)). The mootness doctrine affects our jurisdiction to decide a controversy. *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)(justiciability doctrines such as ripeness, standing and mootness, lie in the prohibition on advisory opinions, which in turn stem from the separation of powers doctrine set forth in Article 2, Section 1 of the Texas Constitution).

Where a motion to dismiss, if granted, would afford more relief to a movant than the non-movant filing a nonsuit, the motion to dismiss "constitutes a claim for affirmative relief that

5

survives a nonsuit[.]" *Rauhauser v. McGibney*, 508 S.W.3d 377, 381-83 (Tex.App.—Fort Worth 2014, no pet.), *overruled on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). This is true for motions to dismiss under the TCPA because they may "allow the movant to obtain a dismissal with prejudice, attorney's fees, and sanctions."[4] *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *14 (Tex.App.—Houston [14th] Dist.] June 26, 2018, writ denied)(mem.op.); *see also Diogu Law Firm PLLC v. Melanson*, No. 14-18-01053-CV, 2020 WL 6142902, at *6 (Tex.App.—Houston [14th Dist.] October 20, 2020, no pet.)(mem. op.)(recognizing the outcome of a TCPA motion to dismiss survives a claimant's nonsuiting of the claim for which dismissal is sought); *Rauhauser*, 508 S.W.3d at 381-83 (same); *Iola Barker v. Hurst*, No. 01-17-00838-CV, 2018 WL 3059795, at *4-5 (Tex.App.—Houston [1st Dist.] June 21, 2018, no pet.)(mem. op.)(same); *Walker v. Hartman*, 516 S.W.3d 71, 80 (Tex.App.—Beaumont 2017, pet. denied)(same); *Breitling Oil & Gas Corp. v. Petroleum Newspapers of Alaska, LLC*, No. 05-14-00299-CV, 2015 WL 1519667, at *3 (Tex.App.—Dallas Apr. 1, 2015, pet. denied)(mem. op.)(same).

Here, Appellee nonsuited the Rule 202 petition which Appellants sought to dismiss under the TCPA while this appeal was pending. Appellee had every right to nonsuit his Rule 202 petition. *See* TEX.R.CIV.P. 162. However, that right does not limit Appellants' right to have their affirmative

---

[4] In contrast, where a controversy otherwise becomes moot through circumstances other than a nonsuit, a party's claim for attorney's fees under a prevailing-party statute like the TCPA "remains a live controversy [only] if the party prevailed before the underlying claim became moot." *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 530-31 (Tex. 2019)(where respondent appealed denial of motion to dismiss Rule 202 petition under TCPA, but statute of limitations ran on any potential claim during pendency of appeal, underlying case was moot and respondent could not appeal denial of TCPA motion since it did not prevail before case became moot); *see also State ex rel. Harper*, 562 S.W.3d 1, 6 (Tex. 2018)(in claim to remove elected board member where member appealed denial of motion to dismiss by the trial court, where court of appeals reversed in favor of board member, claim for attorney's fees remained a live controversy because member prevailed on TCPA dismissal in the appeals court before the claim otherwise became moot when his board term expired).

claims—the motion for dismissal with prejudice, attorney's fees, and sanctions contained in their TCPA motion to dismiss—decided in this appeal. *See id.* ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief . . . . A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court."); *Rauhauser*, 508 S.W.3d at 381-83. We are unpersuaded by Appellee's arguments his nonsuiting of the case moots Appellants' motion to dismiss since a claimant's nonsuit has no effect on any other party's affirmative claims for relief. *See id*. We find there is presently a live controversy between the parties, and we have jurisdiction to consider Appellants' appeal of the trial court's dismissal of its TCPA motion to dismiss on the merits. Appellee's motion to dismiss the appeal is denied.

We, now, turn to our analysis.

### *Standard of Review*

A trial court's ruling on a motion to dismiss under the TCPA is reviewed *de novo*, as is the court's determination on the statutory interpretation of the TCPA. *See Darnell v. Rogers*, 588 S.W.3d 295, 300 (Tex.App.—El Paso 2019, no pet.)(*citing Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). In ascertaining whether the TCPA applies to a legal action, courts are required to look to the plain language of the statute, which has historically been broadly applied. *See Long Canyon Phase II & III Homeowners Assoc., Inc. v. Cashion*, 517 S.W.3d 212, 216-17 (Tex.App.—Austin 2017, no pet.).

Dismissal under the TCPA involves a three-step, burden-shifting analysis. *See In re Lipsky*, 460 S.W.3d 579, 586-87 (Tex. 2015)(orig. proceeding). In the first step, the movant must prove

7

by a preponderance of the evidence that it is seeking dismissal of a "'legal action' [that] is 'based on, relates to, or is in response to [the movant's] exercise of the right of free speech, right to petition, or right of association,' as those rights are statutorily defined." *Hughes v. Giammanco*, 579 S.W.3d 672, 677 (Tex.App.—Houston [1st Dist.] 2019), *judgment set aside, opinion not vacated*, No. 01-18-00771-CV, 2019 WL 3331124 (Tex.App.—Houston [1st Dist.] July 25, 2019, no pet.)(mem.op.); *see In re Lipsky*, 460 S.W.3d at 586-87. If the movant meets their burden, the court then looks to whether the non-movant has "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX.CIV.PRAC.&REM. CODE ANN. § 27.005(c); *see Darnell*, 588 S.W.3d at 300-01. If the nonmovant fails to meet their burden under the second step, the claim must be dismissed. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(b). However, if the nonmovant meets their burden under the second step, the third step still requires dismissal if the movant demonstrates by a preponderance of evidence "each essential element of a valid defense to the nonmovant's claim." *See id.* § 27.005(d).

### *Step One: Appellants Satisfactorily Proved Applicability of the TCPA to the Rule 202 Petition*

### "Legal Action"

In considering the first step of our analysis, we must consider (a) whether a Rule 202 petition is a "legal action" as the TCPA defines that term, and, if we answer affirmatively, (b) whether the Rule 202 petition "is based on, relates to, or is in response to the [movant's] exercise of: the right of free speech; . . . or the right of association." *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 27.001(2)-(4), (6), 27.005(b) 27.001(2)-(4), (6), 27.005(b); *see In re Lipsky*, 460 S.W.3d at 586-87.

The TCPA defines "legal action" as a "lawsuit, cause of action, petition, complaint, cross-

8

claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6). Because Rule 202 specifically states, "A person may petition the court for an order authorizing the taking of a deposition . . . ," it appears that a Rule 202 petition meets the plain-language definition of "legal action" established by the Legislature in the TCPA. *See* TEX.R.CIV.P. 202.1; TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6). Three intermediate courts of appeals in Texas have held a Rule 202 petition was a "legal action" subject to possible dismissal under the TCPA. *See In re Krause Landscape Contractors, Inc.*, 595 S.W.3d 831, 836 (Tex.App.—Amarillo 2020, no pet.); *DeAngelis v. Protective Parents Coalition*, 556 S.W.3d 836, 848-49 (Tex.App.—Fort Worth 2018, no pet.); *In re Elliott*, 504 S.W.3d 455, 463 (Tex.App.—Austin 2016, no pet.). However, our two sister courts in Houston held otherwise, determining "Rule 202 petition[s] do[] not assert a substantive claim or cause of action[,]" and to require Rule 202 petitioners to present prima facie evidence of a claim which they hope to investigate via pre-suit deposition in order to survive a TCPA motion to dismiss "would render Rule 202 a nullity." *Houston Tennis Assoc., Inc. v. Thibodeaux*, 602 S.W.3d 712, 718 (Tex.App.—Houston [14th Dist.] 2020, no pet.)(*citing Hughes*, 579 S.W.3d at 685).

The Austin Court of Appeals undertook a thorough analysis of the applicability of the TCPA's definition of "legal action" to Rule 202 petitions in *In re Elliott*, 504 S.W.3d at 464-65. We will not rehash their entire examination here. Suffice to say, in addition to the plain language of the statutory definition including "petition," which is the method described in the Rules of Civil Procedure for obtaining a pre-suit deposition, *see* TEX.R.CIV.P. 202.1, a Rule 202 petition seeks equitable relief. *See id.* at 464-65; *see also In re Krause*, 595 S.W.3d at 836 (noting that Rule 202 petitions seek an equitable remedy and holding they, therefore, meet the TCPA definition of "legal

9

action"). It therefore squarely falls within the statute's definition of "legal action." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6)(definition of "legal action" includes a "petition . . . or any other judicial pleading or filing that requests legal or equitable relief."); *see In re Elliott*, 504 S.W.3d at 464-65. We decline to follow the narrower definition adopted by our sister courts in Houston. *See Houston Tennis*, 602 S.W.3d at 718 (limiting the TCPA definition of "legal action" to assertions of "substantive claim[s] or cause[s] of action"); *Hughes*, 579 S.W.3d at 685 (same).

We, therefore, hold Appellee's Rule 202 petition to depose Appellants is a "legal action" for purposes of determining applicability of the TCPA. Appellant's first issue is sustained.

### Right of Association

We next consider whether the legal action is based on, related to, or in response to Appellants' exercise of their right of free speech, right to petition, or the right of association. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(2)-(4), (6), .003(a), .005(b); ; *see In re Lipsky*, 460 S.W.3d at 586-87. Only the right of free speech and right of association are implicated in the case at hand.

The TCPA defines the right of association as requiring "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(2). The TCPA does not require the communication involve a public purpose, and to satisfy the movant's initial burden, it may even constitute what would otherwise be improper or unprotected speech. *See MVS Int'l Corp. v. Int'l Advertising Solutions, LLC*, 545 S.W.3d 180, 194 (Tex.App.—El Paso 2017, no pet.)(acknowledging the absurdity of such a potential result); *Elite Auto Body LLC v. Autocraft*

10

*Bodywerks, Inc.*, 520 S.W.3d 191, 205 (Tex.App.—Austin 2017, pet. dism'd). A "communication" under the TCPA is "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(1). Case law defines "communication" under the TCPA very broadly, encompassing "[a]lmost every imaginable form of communication, in any medium[.]" *Adams v. Starside Custom Builders*, 547 S.W.3d 890, 894 (Tex. 2018).

Appellants' motion to dismiss states the allegations of a business relationship between them meets the broad definition of "right of association" and "the allegations [in the Rule 202 petition] necessarily relate to communications between [Appellants]." In his response, Appellee argued the definition of "right of association" was amended by the Legislature and must now relate to a governmental proceeding or a matter of public concern. However, as we indicated previously in this opinion, the 2019 amendments to the TCPA take effect only for legal actions filed on or after September 1, 2019. *See Creative Oil & Gas*, 591 S.W.3d at 129 ("The prior version of the statute continues . . . control cases filed before September 1, 2019."). Therefore, we must adhere to the definitions in effect at the time Appellee filed his Rule 202 petition in July of 2019.

We first consider the face of the petition and whether its allegations are sufficient to invoke the TCPA. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)("When it is clear from the [petitioner's] pleadings that the action is covered by the [TCPA], the [movant] need show no more."). Appellee's Rule 202 petition states the Appellants' depositions are sought to investigate a potential claim for trademark violations. Among the information Appellee hopes to ascertain in the pre-suit depositions is

11

> [I]nformation regarding the business relationship of the [Appellants], including but not limited to the financial arrangements, operations and ownership of Freebird Bail Bonds;
>
> .            .            .
>
> [I]nformation regarding . . . the accuracy of the representations in the report submitted to the Sheriff of Reeves County for the purpose of being allowed to write surety bonds and being placed on the approved bondsman list.

The Rule 202 petition also alleges Appellants are believed to be joint venturers and operate Freebird Bail Bonds, which Appellee claims is intended to "cause confusion in the marketplace and thereby usurp the business opportunities" of Appellee's competing bail bonds business, which operates under the name Freedom Bail Bonds. The petition also states public documents on file regarding Freebird Bail Bonds show the business was, at one time, jointly operated by Appellants, but is now solely operated by Appellant Brown, but out of the same office where Appellant Florez operates his law office.

The allegations in the Rule 202 petition concerning the alleged business relationship between Appellants and the decision to use Freebird Bail Bonds as the name of the business meets the definition of pertaining to Appellants' right of association because it explicitly concerns at least one alleged communication between Appellants—specifically, the report submitted to the Sheriff of Reeves County—who Appellee claims joined together in the common pursuit or promotion of a bail bonds service. *See Abatecola,* 2018 WL 3118601, at *7 (noting that factual allegations regarding hiring an employee would necessarily involve communications among individuals joining together for promoting or pursuing a common interest). We therefore find Appellants have

12

satisfied their threshold burden to prove by a preponderance of the evidence the applicability of the act to the Rule 202 petition.[5]

### *Step Two: Appellee Failed to Make a Prima Facie Case for Each Essential Element of a Rule 202 Deposition*

The burden now shifts to Appellee to establish by clear and specific evidence a prima facie case for each essential element of a Rule 202 deposition. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c); *In re Krause Landscape*, 595 S.W.3d at 837 (*referencing DeAngelis*, 556 S.W.3d at 853). Rule 202 requires a petitioner to "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." *In re Krause Landscape*, 595 S.W.3d at 837 (*citing DeAngelis*, 556 S.W.3d at 853. However, to obtain a pre-suit deposition under Rule 202, the applicant must prove to the court that "(1) allowing a petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit[;] or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." *DeAngelis*, 556 S.W.3d at 854 (*citing* TEX.R.CIV.P. 202.4(a), and *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008)(orig. proceeding)). Accordingly, to survive a motion to dismiss a Rule 202 petition under the TCPA, the non-movant must establish by clear and specific evidence a prima facie case for at least one of the foregoing two elements. *See In re Krause Landscape*, 595 S.W.3d at 837-38. "A prima facie case is established by 'evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted.'" *Id.* at 838 (*citing In re Lipsky*, 460 S.W.3d at 590). It is "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (*citing Grant v. Pivot Tech. Solutions, Inc.*,

---

[5] Having found Appellants satisfactorily proved the Rule 202 petition pertains to their right of association, we need not determine whether it also pertains to their right of free speech.

13

556 S.W.3d 865, 882 (Tex.App.—Austin 2018, pet. filed)).

Here, Appellee's petition states he sought Appellants' deposition testimony "for use in an anticipated suit . . . and/or to investigate a potential suit or claim[.]" It further states Appellee seeks "to ascertain whether it would be appropriate to file suit in this matter and to determine who should be named as a Defendant, should such suit be filed." Appellee goes on to state allowing pre-suit depositions "will prevent a failure or delay of justice in the anticipated lawsuit and the benefit of allowing [Appellee] to take the aforesaid depositions . . . outweighs the burden or expense of the procedure."

We find the pertinent facts in *In re Krause Landscape* and the Amarillo Court of Appeals' analysis instructive in the instant case. There, Krause's petition stated it wanted to depose two individuals "'to discover certain facts forming the basis of any potential suit . . .'" and to "'determine whether to file suit against either or both deponents[.]'" *In re Krause Landscape*, 595 S.W.3d at 838. However, neither the petition nor any evidence attached to its response to the motion to dismiss indicated the depositions were needed "to prevent a failure or delay of justice" in any subsequent suit against the individuals. *Id.* Additionally, Krause's petition and response contained only a conclusory statement the burden of the depositions were "'small and inconsequential'" compared to costs of litigation. *Id.* The Amarillo court held conclusory statements reflecting the language of Rule 202, without more explanation, does not constitute a prima facie case by clear and specific evidence. *Id.* (*citing DeAngelis*, 556 S.W.3d at 856 *and In re East*, 476 S.W.3d 61, 69 (Tex.App.—Corpus Christi 2014, orig. proceeding)).

Here, Appellee's petition and response only states a need to investigate a potential claim but fails to establish by clear and specific evidence allowing the pre-suit depositions of Appellants

14

will either "(1) prevent a failure or delay of justice in an anticipated suit[;] or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." *DeAngelis*, 556 S.W.3d at 854; *see also In re Krause Landscape*, 595 S.W.3d at 837-38. Additionally, Appellee's petition contains only conclusory statements taking the Appellants' depositions will prevent a failure or delay of justice in any subsequent lawsuit and the benefit of conducting pre-suit depositions outweighs the burden or expense of doing so. Their response to the motion makes no statements regarding the requisite showing prescribed in Rule 202.4(a). There is no explanation in either the petition or the response regarding how or why taking the Appellants' depositions will prevent a failure or delay of justice in any subsequent lawsuit and the benefit of conducting pre-suit depositions outweighs the burden or expense of doing so. This type of conclusory statement is insufficient for Appellee to meet their burden under the TCPA for their petition to survive a motion to dismiss. *See In re Krause Landscape*, 595 S.W.3d at 838-39; *DeAngelis*, 556 S.W.3d at 856-58.

If the nonmovant fails to meet its burden under the second step, its claim must be dismissed. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(b)-(c). We therefore conclude the trial court erred in not granting Appellant's motion to dismiss under the TCPA. Accordingly, we sustain Appellants' second issue.

### *Attorney's Fees*

Under the version of the TCPA which we apply here, an award of reasonable attorney's fees and sanctions is mandatory to a movant who succeeds on a motion to dismiss. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.009(a); *see also Rauhauser*, 508 S.W.3d at 389 (noting that an award of attorney's fees and sanctions is mandatory to a successful movant under the TCPA).

It is therefore proper for us to remand the case to the trial court for further proceedings consistent with this opinion and to hear evidence on the issue of attorney's fees and sanctions to be awarded to Appellants as successful movants under the TCPA consistent with the requirements set forth in Section 27.009(a). *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.009(a). *See, e.g.*, *Alphonso v. Deshotel*, 417 S.W.3d 194, 202 (Tex.App.—El Paso 2013, no pet.), *disapproved of on other grounds by In re Lipsky*, 460 S.W.3d at 591; *Schimmel v. McGregor*, 438 S.W.3d 847, 863 (Tex.App.—Houston [1st Dist.] 2014, pet. denied).

## CONCLUSION

We find Appellants' claim for attorney's fees, sanctions, and other relief in their TCPA motion to dismiss is an affirmative claim for relief which survives the nonsuit of the Rule 202 petition filed by Appellee. Appellee's motion to dismiss the appeal is denied.

We further find Appellants satisfied their burden of showing by a preponderance of the evidence that Appellee's Rule 202 petition for pre-suit depositions was a legal action concerning their right of association and was thus subject to dismissal proceedings under the TCPA. Appellee failed to meet his burden of establishing by clear and convincing evidence each essential element necessary to obtain a Rule 202 deposition. Thus, the trial court erred when it failed to grant Appellants' motion to dismiss, and the motion was overruled by operation of law.

Having sustained Appellants' two issues on appeal, we reverse the trial court's order overruling the motion by operation of law and render judgment dismissing Appellee's Rule 202 petition under the TCPA. *See Young v. Krantz*, 434 S.W.3d 335, 344-45 (Tex.App.—Dallas 2014, no pet.), *disapproved of on other grounds by In re Lipsky*, 460 S.W.3d at 591. We likewise remand to the trial court for a determination of attorney's fees and sanctions to be awarded to Appellants

16

as required by TEX.CIV.PRAC.&REM.CODE ANN. § 27.009(a).


July 26, 2022                               YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox and Alley, JJ.
Palafox, J., Dissenting
Alley, J., Concurring

17